FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JO ANNE L., | NO: 1:17-CV-3190-FVS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 12 and 13. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney Jeffrey Schwab. The defendant is represented by Special Assistant United States Attorney Martha A. Boden. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the court **DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 12, and **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 13.

# JURISDICTION

Plaintiff Jo Anne L.[1] protectively filed for disability insurance benefits and supplemental security income on March 29, 2010, alleging an onset date of March 21, 2010. Tr. 927. Benefits were denied initially, and upon reconsideration. Tr. 927. Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on January 17, 2013. Tr. 1061-83. Plaintiff was represented by counsel and testified at the hearing. *Id.* On March 22, 2013, the ALJ issued a partially favorable decision, but denied benefits for the period from March 21, 2010 through August 20, 2012. 1009-28. The Appeals Council denied review. Tr. 1029-34. On July 17, 2015, the United States District Court for the Eastern District of Washington granted the parties' stipulated motion for remand, and remanded the case for further proceedings. Tr. 1045-54. On December 16, 2015, the Appeals Council affirmed the ALJ's finding that Plaintiff was disabled on August 21, 2012, and remanded for further administrative proceedings to evaluate the period prior to August 21, 2012. Tr. 1055-60. On May 16, 2016, Plaintiff appeared for an additional hearing before the ALJ.[2] Tr. 972-89. On May 4, 2017, the ALJ issued

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[2] The "supplemental court transcript index" indicates that a second hearing was held on November 20, 2017. Tr. 990-1007. However, the Court's review of this record indicates that it is a duplicate entry of the May 19, 2016 hearing.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

an amended decision that denied benefits from March 21, 2010 through August 20, 2012. Tr. 923-47. On September 23, 2017, the Appeals Council denied review. Tr. 912-18. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 50 years old at the time of the first hearing. *See* Tr. 1067. At the time of both hearings, she lived alone. Tr. 980, 1067. Plaintiff has work history as a house cleaner, caregiver for disabled people, prep cook, manager of an orchard, and harvest worker. Tr. 1070-73, 1079. She testified that she had to quit her last job a caregiver in 2010 because of her back and leg impairment, which also caused her to "fall at work." Tr. 1071. At the first hearing, Plaintiff testified that she could not work because she had chronic back pain, can "hardly lift anything," and she has to "move all the time and . . . keep [her] feet elevated." Tr. 1074.

In a 2007 automobile accident, Plaintiff injured her back, and her husband was killed. Tr. 1065. She has had multiple back surgeries, including repairs of failed hardware in her back. Tr. 1068. At the first hearing, Plaintiff reported that her conditioned worsened after surgery. Tr. 1068. She also testified that she has pain and numbness in her leg, used a cane to prevent falling, was in pain all day,

and had to lay down a lot during the day with her legs elevated in order to manage her pain. Tr. 1069, 1074-76. At the second hearing, Plaintiff testified that during the relevant adjudicatory period she had difficulties lifting heavy objects, house cleaning was limited, and she confined herself to her house and slept a lot due to her depression. Tr. 978-79.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the

record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity from March 21, 2010, the alleged onset date, through August 20, 2012, the day before Plaintiff became disabled. Tr. 930. At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease (DDD), epicondylitis, affective disorder, anxiety disorder, and alcohol dependence. Tr. 930. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 930. The ALJ then found that from March 21, 2010 to August 20, 2012, Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), i.e., lift/carry ten pounds occasionally and less than ten pounds frequently, except the claimant could occasionally climb ramps and stairs. She could never have climbed ladders, ropes, or scaffolds. She could never have frequently balanced. She could have occasionally stooped, kneeled, crouched, and crawled. She should have avoided concentrated exposure to excessive vibration and workplace hazards such as dangerous machinery and unprotected heights. She was limited to relatively simple tasks with only superficial interaction with the public. Examples of such interaction include providing directions,

making change, or answering simple questions. Extensive problem-solving or mediation are outside of scope of such superficial interaction.

Tr. 932. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 937. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including: assembler, semiconductor bonder, and telemarketer. Tr. 938-39. On that basis, the ALJ concluded that Plaintiff was not been under a disability, as defined in the Social Security Act, from March 21, 2010, through August 20, 2012. Tr. 939.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises a single issue for this Court's review: whether "substantial evidence . . . supports a finding of the ability to work for the period of March 29, 2010 through August 20, 2012." ECF No. 12 at 8-9.

## DISCUSSION

Plaintiff generally argues that "substantial evidence does not support a finding of the ability to work for the period of March 29, 2010 through August 20, 2012. ECF No. 12 at 9-14. However, the Court notes that Plaintiff does not specifically challenge the ALJ's findings at any step of the sequential analysis,

including: consideration of Plaintiff's symptom claims, evaluation of the medical opinion evidence, and assessment of the RFC. Thus, the Court may decline to address these issues as they were not raised with specificity in Plaintiff's opening brief. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). However, in keeping with Defendant's response brief, and in an abundance of caution, the Court will address Plaintiff's broad argument that "medical records for the period before the Court show how unstable her back was," as it pertains to the ALJ's findings regarding her symptom claims. ECF No. 12 at 10. Moreover, the Court will only address Plaintiff's claimed physical impairments, because Plaintiff concedes that she "would adopt the mental health limitations imposed by the ALJ in the most recent decision that is now before this Court." ECF No. 12 at 14.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. Tr. 935. However, the only reason arguably raised with specificity by Plaintiff, was the ALJ's finding that Plaintiff's allegations during the adjudicative period "are not supported by the medical

evidence of record," which showed that "her back condition responded very well to treatment." Tr. 933-35. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601. However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2). Moreover, conditions effectively controlled with treatment are not disabling for purposes of determining eligibility for benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

Plaintiff argues her condition worsened over time and was "unstable" during the relevant adjudicatory period of March 29, 2010 through August 20, 2012. ECF No. 12 at 10-11. In support of this argument, Plaintiff cites evidence including: her July 2011 back surgery for "an L1 to L1 decompression with T12 to L5 fusion"; another back surgery two months later in September 2011 for hardware "revision"; a reported "exacerbation[s]" of her back pain in October 2011 while in jail for a DUI arrest; and her March 2012 self-report of numbness and weakness in her extremities. ECF No. 12 at 10-11; Tr. 1281-83, 1327. In addition, Plaintiff argues that the ALJ "properly confined the inquiry on remand" to the period of March 29,

2010 through August 20, 2012, but paradoxically asks the Court to consider medical evidence subsequent to the relevant adjudicatory period as evidence that she "had no lasting remission of her symptoms, and that she had no improvement in her functioning." ECF No. 12 at 11-14.

As an initial matter, the Court notes that the Appeals Council affirmed the ALJ's finding that Plaintiff was disabled on August 21, 2012, and directed the ALJ to reevaluate only the period prior to August 21, 2012 on remand. Tr. 1057-59. Thus, the evidence cited by Plaintiff from the period in which Plaintiff was found disabled, and outside the relevant adjudicatory period, is of limited relevance. *Carmickle*, 533 F.3d at 1165; see also *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (a statement of disability made outside the relevant time period may be disregarded). Moreover, the ALJ set out, in detail, medical evidence contradicting Plaintiff's claims of disabling physical limitations during the relevant period, including: reports she was doing "quite well" and had 5/5 muscle strength until the hardware failure after her first surgery; and a treating provider's finding in November 2011 that despite compromise of the L5 screws, surgical intervention was not necessary because she had a good chance of healing if she complied with activity restrictions. Tr. 934 (citing Tr. 1281-84). As noted by the ALJ, in January 2012, Plaintiff reported she was "feeling much better," most of her symptomology had resolved, her pain was 2 out of 10, muscle strength was 5/5 in all muscle groups and 4 extremities, sensation was intact, and she could

rise and ambulate without difficulty. Tr. 934 (citing Tr. 1285). And in July 2012, a treating provider noted that Plaintiff had made "significant improvements in the past few months." Tr. 1330.

Based on the foregoing, and regardless of evidence that could be interpreted more favorably to Plaintiff, the ALJ properly relied on evidence from the relevant adjudicatory period to support a finding that Plaintiff's allegations of severe physical impairments were inconsistent with the medical evidence of record, including evidence that Plaintiff improved with treatment. Tr. 933-35; *see Thomas*, 278 F.3d at 958-59 ("If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination . . . [t]he ALJ may consider testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which the claimant complains."); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[W]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld."). The Court finds this lack of corroboration of Plaintiff's claimed physical limitations by the medical evidence during the period of March 29, 2010 through August 20, 2012, was a clear and convincing reason, supported by substantial evidence, for the ALJ to discount Plaintiff's symptom claims.

Finally, as noted by Defendant, the ALJ offered several additional, unchallenged, reasons for discounting Plaintiff's symptom claims during the

relevant adjudicatory period. ECF No. 13 at 7-8; *see Carmickle*, 533 F.3d at 1161 n.2 (court may decline to address issues not raised with specificity in Plaintiff's opening brief). First, the ALJ noted that Plaintiff's testimony at the most recent hearing "is not fully consistent with her prior testimony," and cited an additional inconsistency in Plaintiff's reports to treating providers about the circumstances surrounding the exacerbation of her back injury. Tr. 933-34. In evaluating the severity of Plaintiff's symptoms, the ALJ may consider inconsistencies in Plaintiff's testimony, and between her testimony and her conduct. *See Thomas*, 278 F.3d at 958-59; *Tommasetti*, 533 F.3d at 1039 (prior inconsistent statements may be considered). Second, the ALJ noted that Plaintiff's most recent job before her alleged onset date "ended in the middle of March 2010 but not because of her impairments, she was fired for having an 'unsatisfactory background check' that showed a conviction for shoplifting." Tr. 934, 1161, 1176. The ALJ properly considered that Plaintiff stopped working for reasons unrelated to her allegedly disabling condition in discounting her symptom claims. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

The Court concludes that the ALJ provided clear, convincing, and largely unchallenged reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

**CONCLUSION**

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ provided clear and convincing reasons to discount Plaintiff's symptom claims, and did not err at any steps of the sequential analysis. After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** November 29, 2018.

<u>*s/ Rosanna Malouf Peterson*</u>
ROSANNA MALOUF PETERSON
United States District Judge